

GAB

FILED IN OPEN COURT

AUG 24 2023

CHARLES R. DIARD, JR
CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIM. NO. 23-000111-KD** |
| | * | **USAO NO. 21R00605** |
| **v.** | * | **OCDETF NO. SE-ALS-0125** |
| | * | **VIOLATIONS: 21 USC § 846** |
| **OTIS SANDERS, JR.,** | * | 21 USC § 841(a)(1) |
| aka "O", | * | 18 USC § 922(g)(1) |
| **DANTE EDGAR FLORES,** | * | 18 USC § 924(c)(1)(A) |
| aka BUENO, | * | 26 USC § 5861(d) |
| **MARKELL DURRELL MOORE,** | * | 18 USC § 922(o) |
| **ZIKEYOUS ANTHONY NELSON,** | * | |
| **CRYSTAL HALI ORR,** | * | |
| **MAURICE MARCELL CARTER,** | * | |
| aka OJ, | * | |
| **QUENTON JAMES FRANKLIN,** | * | |
| **HARDY DEVAN FORREST,** | * | |
| aka HARDY TOLBERT, | * | |
| aka CHICO, aka DUDE, | * | |
| **RUSTY CHASE SMITH,** | * | |
| **ERIC MAURICE MOSELEY,** | * | |
| **MELVIN DONALD KIDD,** | * | |
| **JEFFREY RYAN CLARK,** | * | |
| **MORRIS WAYNE MYRICK,** | * | |
| **RICHARD DEWISE,** | * | |
| **JASON DUANE REYNOLDS,** | * | |
| aka J-ROCK, and | * | |
| **BRYAN DION CAMPBELL** | * | |

## SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES:

### Count One
### Conspiracy to Possess with Intent to Distribute Methamphetamine
### Title 21, United States Code, Section 846

From in or about early 2020, continuing through on or about May 4, 2023, in the

Southern District of Alabama, Southern Division, and elsewhere, the defendants,

**OTIS SANDERS, JR.,**

1

**aka "O",**
**DANTE EDGAR FLORES,**
**aka BUENO,**
**MARKELL DURRELL MOORE,**
**ZIKEYOUS ANTHONY NELSON,**
**CRYSTAL HALI ORR,**
**MAURICE DURRELL CARTER,**
**aka OJ,**
**QUENTON JAMES FRANKLIN,**
**HARDY DEVAN FORREST,**
**aka HARDY TOLBERT,**
**aka CHICO, aka DUDE,**
**RUSTY CHASE SMITH,**
**ERIC MAURICE MOSELEY,**
**MELVIN DONALD KIDD,**
**JEFFREY RYAN CLARK,**
**MORRIS WAYNE MYRICK,**
**RICHARD DEWISE,**
**JASON DUANE REYNOLDS,**
**aka J-ROCK, and**
**BRYAN DION CAMPBELL**

did knowingly and intentionally combine, conspire, confederate and agree together with each other and with other persons known and unknown to the Grand Jury, to possess with intent to distribute controlled substances, to-wit, more than 50 grams of methamphetamine (actual), a Schedule II controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).

In violation of Title 21, United States Code, Section 846 and Title 18, United States Code, Section 2.

The amount of methamphetamine (actual) reasonably attributable to each defendant and for which each defendant is reasonably accountable exceeds 50 grams; therefore, the defendants are subject to the penalty provisions of Title 21, United States Code, Section 841(b)(1)(A).

## Count Two
### Possession with Intent to Distribute Cocaine
### Title 21, United States Code, Section 841(a)(1)

On or about January 8, 2021, in the Southern District of Alabama, Southern Division, the

2

defendants,

**OTIS SANDERS, JR., aka O, and**
**HARDY DEVAN FORREST,**
**aka HARDY TOLBERT,**
**aka DUDE, aka CHICO,**

did knowingly and intentionally possess with intent to distribute approximately 283.15 grams of

cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States

Code, Section 2.

### Count Three
### Possession with Intent to Distribute Methamphetamine
### Title 21, United States Code, Section 841(a)(1)

On or about January 8, 2021, in the Southern District of Alabama, Southern Division, the

defendants,

**OTIS SANDERS, JR., aka O, and**
**HARDY DEVAN FORREST,**
**aka HARDY TOLBERT,**
**aka CHICO, aka DUDE,**

did knowingly and intentionally possess with intent to distribute approximately 660.23 grams of

methamphetamine actual, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States

Code, Section 2.

The amount of methamphetamine actual involved in the offense exceeds 50 grams;

therefore, the defendants are subject to the penalty provisions of Title 21, United States Code,

Section 841(b)(1)(A).

### Count Four
### Possession of a Firearm in Relation to a Drug Trafficking Felony
### Title 18, United States Code, Section 924(c)(1)(A)

On or about January 8, 2021, in the Southern District of Alabama, Southern Division, the defendant,

**OTIS SANDERS, JR., aka O, and**
**HARDY DEVAN FORREST,**
**aka HARDY TOLBERT,**
**aka DUDE, aka CHICO,**

during and in relation to a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, namely, possession with intent to distribute controlled substances, as charged in Counts One and Two hereinabove, did knowingly use and carry a firearm, namely, a Glock, Model 43 9X19 caliber pistol, serial number ADXV674, and a Windham Weaponry, Model WW-CF, multiple caliber rifle, serial number CF010411; and in furtherance of the said drug trafficking crime, possession with intent to distribute controlled substances, as charged in Counts One and Two hereinabove, did knowingly possess a firearm, namely, a Glock, Model 43 9X19 caliber pistol, serial number ADXV674, and a Windham Weaponry, Model WW-CF, multiple caliber rifle, serial number CF010411.

In violation of Title 18, United States Code, Section 924(c)(1)(A).

**Count Five**
**Felon in Possession of a Firearm**
**Title 18, United States Code, Section 922(g)(1)**

On or about January 8, 2021, in the Southern District of Alabama, Southern Division, the defendant,

**HARDY DEVAN FORREST,**
**aka HARDY TOLBERT,**
**aka CHICO, aka DUDE,**

knowing that he had previously been convicted of a crime punishable by imprisonment for a

4

term exceeding one year, to-wit: Unlawful Distribution of a Controlled Substance: Cocaine, on

September 3, 2015, case number CC 2014-005205, in the Circuit Court for Mobile County,

Alabama; and Unlawful Distribution of a Controlled Substance: Alprazolam, on April 29, 2010,

case number CC2009-5124, in the Circuit Court for Mobile County, Alabama; did knowingly

possess, in and affecting commerce, a firearm, namely, a Glock, Model 43 9X19 caliber pistol,

serial number ADXV674, and a Windham Weaponry, Model WW-CF, multiple caliber rifle,

serial number CF010411.

In violation of Title 18, United States Code, Section 922(g)(1).

### Counts Six through Twenty
### Possession with Intent to Distribute a Controlled Substance
### Title 21, United States Code, Section 841(a)(1)

On or about the below-listed dates, in the Southern District of Alabama, Southern

Division, the below-listed defendants did knowingly possess with intent to distribute the below

listed controlled substances on or about the below-listed dates:

| COUNT | DATE | DEFENDANT(S) | CONTROLLED SUBSTANCE |
|---|---|---|---|
| 6 | 6/11/21 | **OTIS SANDERS, JR., aka O, and BRYAN DION CAMPBELL** | Approximately 122 grams of methamphetamine (actual), a Schedule II controlled substance |
| 7 | 4/11/22 | **OTIS SANDERS, JR., aka O** | Approximately 141.2 grams of methamphetamine (actual), a Schedule II controlled substance |
| 8 | 5/25/22 | **MAURICE DURRELL CARTER, aka OJ** | Approximately 32 grams of methamphetamine (actual), a Schedule II controlled substance |
| 9 | 6/28/22 | **OTIS SANDERS, JR., aka O, and RICHARD DEWISE** | Approximately 141.6 grams of methamphetamine (actual), a Schedule II controlled substance |
| 10 | 7/21/22 | **OTIS SANDERS, JR., aka O, and** | Approximately 232.9 grams of |

|  |  |  | methamphetamine (actual), a Schedule II controlled substance |
|---|---|---|---|
|  |  | **RICHARD DEWISE** |  |
| 11 | 8/4/22 | **MAURICE DURRELL CARTER, aka OJ, and MORRIS WAYNE MYRICK** | Approximately 32.79 grams of methamphetamine (actual), a Schedule II controlled substance |
| 12 | 8/25/22 | **OTIS SANDERS, JR., aka O, RUSTY CHASE SMITH, and ERIC MAURICE MOSELEY** | Approximately 8 pounds of methamphetamine (actual), a Schedule II controlled substance |
| 13 | 8/25/22 | **OTIS SANDERS, JR., aka O, and ERIC MAURICE MOSELEY** | Approximately 558.6 grams of methamphetamine (actual), a Schedule II controlled substance |
| 14 | 8/25/22 | **OTIS SANDERS, JR., aka O, and ERIC MAURICE MOSELEY** | Approximately 575.9 grams of cocaine, a Schedule II controlled substance |
| 15 | 8/25/22 | **OTIS SANDERS, JR., aka O, and ERIC MAURICE MOSELEY** | Approximately 226.4 grams of heroin, a Schedule I controlled substance |
| 16 | 12/19/22 | **JEFFERY RYAN CLARK** | Approximately 51.3 grams of methamphetamine (actual), a Schedule II controlled substance |
| 17 | 1/11/23 | **OTIS SANDERS, JR., aka O, and CRYSTAL HALI ORR** | Approximately 447.1 grams of methamphetamine (actual), a Schedule II controlled substance |
| 18 | 1/17/23 | **OTIS SANDERS, JR., aka O, MELVIN DONALD KIDD and JEFFERY RYAN CLARK** | Approximately 27.275 grams of methamphetamine (actual), a Schedule II controlled substance |
| 19 | 3/20/23 | **OTIS SANDERS, JR., aka O, and RICHARD DEWISE** | Approximately 985.8 grams of methamphetamine (actual), a Schedule II controlled substance |
| 20 | 6/21/23 | **OTIS SANDERS, JR., aka O, MELVIN DONALD KIDD and JEFFERY RYAN CLARK** | Approximately 26.6 grams of methamphetamine (actual), a Schedule II controlled substance |

In violation of Title 21, United States Code, Sections 841(a)(1) and 2.

In **COUNTS SIX, SEVEN, NINE, TEN, TWELVE, THIRTEEN, SIXTEEN, SEVENTEEN, and NINETEEN,** the amount of methamphetamine (actual) reasonably attributable to each defendant named in those counts is more than 50 grams; therefore, the defendants named in those counts are subject to the penalty provision of Title 21, United States Code, Section 841(b)(1)(A).

In **COUNTS EIGHT, ELEVEN, EIGHTEEN** and **TWENTY**, the amount of methamphetamine (actual) reasonably attributable to each defendant named in those counts is 5 grams or more; therefore, the defendants named in those counts are subject to the penalty provisions of Title 21, United States Code, Section 841(b)(1)(B).

In **COUNT FOURTEEN** the amount of cocaine reasonably attributable to each defendant named in those counts is 500 grams or more; therefore, the defendants named in those counts are subject to the penalty provisions of Title 21, United States Code, Section 841(b)(1)(B).

In **COUNT FIFTEEN,** the amount of heroin reasonably attributable to each defendant named in those counts is 100 grams or more; therefore, the defendants named in those counts are subject to the penalty provisions of Title 21, United States Code, Section 841(b)(1)(B).

### Count Twenty-One
### Possession of a Firearm in Relation to a Drug Trafficking Felony
### Title 18, United States Code, Section 924(c)(1)(A)

On or about December 19, 2022, in the Southern District of Alabama, Southern Division, the defendant,

**JEFFERY RYAN CLARK,**

7

during and in relation to a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, namely, possession with intent to distribute controlled substances, as charged in Count Sixteen hereinabove, did knowingly use and carry a firearm, namely, a High Point, .9 mm pistol, serial number P1654220; and in furtherance of the said drug trafficking crime, possession with intent to distribute controlled substances, as charged in Count Sixteen hereinabove, did knowingly possess a firearm, namely, a High Point, .9 mm pistol, serial number P1654220.

In violation of Title 18, United States Code, Section 924(c)(1)(A).

### Count Twenty-Two
### Felon in Possession of a Firearm
### Title 18, United States Code, Section 922(g)(1)

On or about June 21, 2023, in the Southern District of Alabama, Southern Division, the defendant,

### MARKELL DURRELL MOORE,

knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, to-wit: Domestic Violence, Strangulation, on March 28, 2013, in the Circuit Court for Mobile County, Alabama, case number CC 2012-4881; Assault Second Degree, on October 11, 2022, case number CC2019-2845, in the Circuit Court for Mobile County, Alabama; and Prohibited Person (Felon) in Possession of a Firearm, on December 17, 2015, Criminal No. 15-00170-KD, in the United States District Court for the Southern District of Alabama; did knowingly possess, in and affecting commerce, a firearm, namely, a Taurus, Model G2C, .9mm pistol, serial number AEC 143949; and a Remington Arms, Model 870, 12 gauge shotgun, serial number 1007914M.

In violation of Title 18, United States Code, Section 922(g)(1).

8

**Count Twenty-Three**
**Possession of an Unregistered Firearm Machinegun**
**Title 26, United States Code, Section 5861(d)**

On or about June 21, 2023, in the Southern District of Alabama, Southern Division, the

defendant,

**ZIKEYOUS ANTHONY NELSON,**

knowingly possessed a firearm, that is, a Glock, model 19, .9mm pistol, serial number AFDP435,

equipped with a machinegun conversion device, commonly referred to as a "Glock switch," not

been registered to him in the national Firearms Registration and Transfer Record, as required by

Title 26, United Stated Code, Chapter 53.

In violation of Title 26, United States Code, Section 5861(d).

**Count Twenty-Four**
**Possession of a Machinegun**
**Title 18, United States Code, Section 922(o)**

On or about June 21, 2023, in the Southern District of Alabama, Southern Division, the

defendant,

**ZIKEYOUS ANTHONY NELSON,**

knowingly possessed a machinegun, namely, a Glock, model 19, .9mm pistol, serial number

AFDP435, equipped with a machinegun conversion device, commonly referred to as a "Glock

switch."

In violation of Title 18, United States Code, Section 922(o).

**Count Twenty-Five**
**Title 18, United States Code, Section 924(c)(1)(A)**
**Possession of a Firearm in Relation to a Drug Trafficking Felony**

On or about June 21, 2023, in the Southern District of Alabama, Southern Division, the

defendants,

**JEFFERY RYAN CLARK, and**
**MELVIN DONALD KIDD**

during and in relation to a drug trafficking crime for which the defendants may be prosecuted in a court of the United States, namely, possession with intent to distribute controlled substances, as charged in Count 20 hereinabove, did knowingly use and carry a firearm, namely, an unknown manufacturer and model, 20-gauge shotgun, no visible serial number, having a cut-down modified wood stock wrapped with tape, with an overall length measurement of 25 ½ inches; and in furtherance of the said drug trafficking crime, possession with intent to distribute controlled substances, as charged in Count Twenty hereinabove, did knowingly possess a firearm, namely, an unknown manufacturer and model, 20-gauge shotgun, no visible serial number, having a cut-down modified wood stock wrapped with tape, with an overall length measurement of 25 ½ inches.

In violation of Title 18, United States Code, Section 924(c)(1)(A).

**Count Twenty-Six**
**Possession of an Unregistered Firearm**
**Title 26, United States Code, Section 5861(d)**

On or about June 21, 2023, in the Southern District of Alabama, Southern Division, the defendant,

**JEFFERY RYAN CLARK, and**
**MELVIN DONALD KIDD,**

knowingly possessed a firearm, that is, a weapon made from a shotgun modified to be less than 26 inches overall, namely a an unknown manufacturer and model, 20-gauge shotgun, no visible serial number, having a cut-down modified wood stock wrapped with tape, with an overall length

10

measurement of 25 ½ inches, which has not been registered to him in the National Firearms

Registration and Transfer Record, as required by Title 26, United Stated Code, Chapter 53.

In violation of Title 26, United States Code, Section 5861(d).

### Sentencing Allegations
### Second and Subsequent Penalties
### Title 21, United States Code, Section 841(b)

The defendant **HARDY DEVAN FORREST, aka HARDY TOLBERT**, aka **CHICO,**

**aka DUDE**, has been previously convicted of a serious drug felony as follows:

a.  On or about September 3, 2015, case number CC 2014-005205, for Unlawful

Distribution of a Controlled Substance: Cocaine, in the Circuit Court for Mobile County,

Alabama; a Class B Felony under state law; for which the defendant served at least 12 months

imprisonment and the defendant's release from such imprisonment was within 15 years of the

commencement of the instant offense;

b.  On or about April 29, 2010, case number CC2009-5124, for Unlawful Distribution of

a Controlled Substance: Alprazolam, in the Circuit Court for Mobile County, Alabama; a Class B

Felony under state law; for which the defendant served at least 12 months imprisonment and the

defendant's release from such imprisonment was within 15 years of the commencement of the

instant offense.

c.  Therefore, Defendant **HARDY DEVAN FORREST, aka HARDY TOLBERT**, aka

**CHICO, aka DUDE**, is subject to the second and subsequent penalty provision of Title 21,

United States Code, Section 841(b)(1)(A), (B) and (C) upon conviction for any of the offenses

alleged in Counts One through Three of this Superseding Indictment.

The defendant **MARKELL DURRELL MOORE**, has been previously convicted of a

serious violent felony as follows:

11

a.    On or about March 28, 2013, case number CC2012-4881, for Domestic Violence Strangulation, in the Circuit Court for Mobile County, Alabama; a Class B Felony under state law; for which the defendant served at least 12 months imprisonment and the defendant's release from such imprisonment was within 15 years of the commencement of the instant offense;

b.    Therefore, Defendant **MARKELL DURRELL MOORE**, is subject to the second and subsequent penalty provision of Title 21, United States Code, Section 841(b)(1)(A), (B) and (C) upon conviction for any of the offense alleged in Counts One of this Superseding Indictment.

### Forfeiture Notice
### Criminal Forfeiture
### Title 21, United States Code, Section 853

The allegations contained in Counts One through Three and Counts Six through Twenty of this Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853 and Title 28, United States Code, Section 2461(c).

Upon conviction of the offenses in violation of Title 21, United States Code, Sections 846 and 841(a)(1), set forth in Counts One through Three and Counts Six through Twenty of this Superseding Indictment, the defendants,

**OTIS SANDERS, JR.,**
**aka "O",**
**DANTE EDGAR FLORES,**
**aka BUENO,**
**MARKELL DURRELL MOORE,**
**ZIKEYOUS ANTHONY NELSON,**
**CRYSTAL HALI ORR,**
**MAURICE DURRELL CARTER,**
**aka OJ,**
**QUENTON JAMES FRANKLIN,**
**HARDY DEVAN FORREST,**
**aka HARDY TOLBERT,**
**aka CHICO, aka DUDE,**

12

**RUSTY CHASE SMITH,**
**ERIC MAURICE MOSELEY,**
**MELVIN DONALD KIDD,**
**JEFFREY RYAN CLARK,**
**MORRIS WAYNE MYRICK,**
**RICHARD DEWISE,**
**JASON DUANE REYNOLDS,**
**aka J ROCK, and**
**BRYAN DION CAMPBELL,**

shall forfeit to the United States of America any property constituting, or derived from, any

proceeds obtained, directly or indirectly, as the result of such offenses and any property,

used or intended to be used in any manner or part to commit or to facilitate the commission of

such offense or offenses, including but not limited to:

1.    $29,040 in U. S. currency seized on or about March 28, 2023;

2.    The residence and real property located at 2321 Taft Avenue, Pascagoula,

Mississippi, more particularly described as Lot 6, Block 3, Eastlawn Subdivision, Tract B,

Jackson County, Mississippi, Less and Except the North 30 feet of said Lot previously conveyed

by Deed dated July 8, 1975, of record in Deed Book 535, Page 386, in the office of the Chancery

Clerk of Jackson County, Mississippi;

3.    A Del-Ton DTI-15, 5.56mm rifle, serial number DTI-S225744;

4.    An H & R 1871, Pardner Pump 12-gauge shotgun, serial number NZ786517; and

5.    A Taurus, Model G3C, .9 mm pistol, serial number ABG692698.

If any of the property described above, as a result of any act or omission

of the defendants:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the court;

13

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided

without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title

21, United States Code, Section 853(p).

All pursuant to Title 21, United States Code, Section 853, and Title 28, United States

Code, Section 2461(c).

### Forfeiture Notice
### Criminal Forfeiture of Firearms
### Title 18, United States Code, Section 924(d)

The allegations contained in Counts Four, Five, and Twenty-One through Twenty-Four

of this Superseding Indictment are hereby realleged and incorporated by reference for the

purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 924(d), and Title

28, United States Code, Section 2461(c).

Upon conviction of the offenses in violation of Title 18, United States Code, Sections

922(g)(1), 924(c)(1)(A), 922(o) and Title 26, United States Code, Section 5861(d), set forth in

Counts Four, Five, and Twenty-One through Twenty-Four of this Superseding Indictment, the

defendants,

**HARDY DEVAN FORREST,**
**aka HARDY TOLBERT,**
**aka DUDE, aka CHICO,**
**MARKELL DURRELL MOORE,**
**JEFFERY RYAN CLARK, and**
**MELVIN DONALD KIDD,**

shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d) and Title

28, United States Code, Section 2461(c), any firearms and ammunition involved or used in the

14

commission of the said offenses, including, but not limited to:

1.  A Glock, Model 43 9X19 caliber pistol, serial number ADXV674:

2.  A Windham Weaponry, Model WW-CF, multiple caliber rifle, serial number CF010411;

3.  A Taurus, Model G2C, .40 caliber pistol, serial number AEC 143949;

4.  A Remington Arms, Model 870, 12 gauge shotgun, serial number 1007914M.; and

5.  An unknown manufacturer and model, 20-gauge shotgun, no visible serial number, having a cut-down modified wood stock wrapped with tape, with an overall length measurement of 25 ½ inches;

6.  A High Point, .9 mm pistol, serial number P1654220; and

7.  A Glock, model 19, .9mm pistol, serial number AFDP435, equipped with a

machinegun conversion device, commonly referred to as a "Glock switch."

Pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).


A TRUE BILL


FOREPERSON UNITED STATES GRAND JURY
SOUTHERN DISTRICT OF ALABAMA


SEAN P. COSTELLO
UNITED STATES ATTORNEY
By:

GLORIA A. BEDWELL
Assistant United States Attorney


SEAN P. COSTELLO          Cheppeler
United States Attorney     par Costello    AUGUST 2023

15